JAMES F. MCKINNEY, ARTHUR VAN BUSKIRK, JOHN C. TIERNEY, J. HOWARD EDSALL and CHARLES H. PLENTY, as trustees of the North Jersey Liquidating Trust, complainants-appellees,

*v.*

HERBERT H. MUIR, defendant-appellant.

[Submitted October term, 1945. Decided March 5th, 1946.]

FREUND, J. (Dissenting.)

The complainants have a decree to compel specific performance of a written contract made between the complainants, as vendors, and the defendant, as vendee.

The defendant by his answer alleges, *inter alia,* that the premises described in the complaint "were not the premises he agreed to purchase" and that the "complainants have failed and refused to perform said contract" entered into between the parties. The defendant, by separate defenses, further alleges that "he never signed a contract or memorandum to purchase the lands and premises described in the bill of complaint, sufficient to meet the requirements of the statute of frauds, *R. S. 25:1–5,*" and therefore "the contract alleged is unenforceable as being in violation of said statute." The defendant further alleges that there was "lacking a meeting of the minds of the contracting parties" and that "the complainants * * * are seeking a reformation of the executory contract actually entered into with the defendant" and, as reformed, to be specifically performed.

The court below decreed specific performance and held that:

"Complainants do not ask for a reformation of the contract in order to embrace the property not described in the agreement but merely pray for the specific performance of an

agreement respecting the premises which are described with reasonable certainty and definiteness; to wit, by the street number 138 Lake Drive, Mountain Lakes, N. J."

The description of the premises mentioned in the contract describes the premises to be sold and conveyed to the defendant as "lots fifty-eight (58), sixty (60) and sixty-two (62)" and includes the reference to a filed map, and further particularly describes the premises by metes and bounds, together with the added general description, "premises being now known as No. 138 Lake Drive, Mountain Lakes, N. J."

The description of the premises in the complaint and in the deed tendered by the complainants to the defendant is not the same description or the same land described in the contract between the parties. The complaint and the deed do not describe the premises as lots 58, 60 and 62 on the filed map, but contain a metes and bounds description, with the added general description of, "Said premises being the same premises now known as No. 138 Lake Drive, Mountain Lakes, New Jersey."

Subsequent to the execution and delivery of the contract, the defendant proceeded to have made an examination of the title and a survey of said premises, which revealed that the complainants did not own a strip of land ten feet in width throughout running the depth of the northerly side of lot 58, although the contract description includes the ten-foot strip aforesaid agreed to be sold and conveyed by the vendors to the vendee. The defendant's survey, offered in evidence, also discloses that part of the driveway, at the street entrance, encroaches over and upon lot 64, which lot 64 is contiguous to lot 62.

The deed tendered by the complainants to the defendant and the decree include all of lot 64 which the parties, by their contract, had not included as part of the premises agreed upon to be sold and conveyed to the defendant. The defendant admitted in his testimony that he did not intend to purchase the ten-foot strip, as a hedgerow marked the division between the ten-foot strip and the balance of lot 58 actually owned by complainants. The southerly line of lot 64 is also marked by a hedgerow. The defendant denies that he con-

templated purchasing lot 64. There is no evidence that the defendant agreed to purchase the property lying within the hedgerows or that anyone pointed out or told the defendant he was purchasing the property lying within the hedgerows.

The learned Vice-Chancellor below places much stress upon the general description of said premises as "described with reasonable certainty and definiteness; to wit, by the street number 138 Lake Drive, * * *." The descriptions used in the contract and in the decree are not the same, although the street number 138 Lake Drive is part of both descriptions and either property could be designated as 138 Lake Drive. The "reasonable certainty" referred to by the court below is not adequate to identify said premises when the premises are described by a precise and particular description in the contract by lot and block numbers on a filed map and by metes and bounds. There are numerous cases reported where specific performance has been decreed where the only description used was the street number, but I know of no case reported where a street number description controls over a description of premises by lot and block numbers referred to on a filed map and by metes and bounds.

The description inserted in the contract was made, not from a visit to the premises or in an effort to measure and reproduce from the ground the distances and monuments there found, but from an old survey made many years before the complainants came into the title. The title originally included four fifty-foot lots, numbered respectively, 58, 60, 62 and 64. On April 24th, 1924, The Belhall Company, an earlier owner, conveyed a strip ten feet wide out of lot 58 to the adjoining owner, Alfred Barbarow, now Bullwinkle. The monument now found in the appropriate course was clearly placed as an incident to that transfer to mark the new corner in what was left of lot 58. The first course in the old description, copied in the present contract, is "north forty-two degrees, forty-four minutes east, seventy five and nine tenths (75.9) feet to a stone monument." Actual measurement, shown by the complainants' and defendant's surveys, shows that the distance in that course which the complainants own and can convey is sixty-five and ninety-nine hundredths

(65.99) feet, and at that distance there is a monument. But the last mentioned course, for the reason stated, is ten feet short of the original course and, patently, the monument now marking the corner is not that monument placed for, and mentioned in, the original description. The equivalent return course is in the description as "south forty degrees and forty-eight minutes west one hundred and three and four-tenths (103.4) feet to a stone monument," and now, correspondingly, the complainants have only ninety-three and four-tenths (93.4) feet of that course to convey. Where we so clearly have a shortened line and a monument placed to mark that shortened line, there is no legal or equitable principle which calls upon us to say what we know is not true, namely, that the monument so found is to be accredited as the original marker, and that the distance as stated in the original description was an error. The simple and obvious truth is that the draftsman of the present contract made the mistake of incorporating in the description ten feet of land at the north end of the tract which the complainants did not and do not own and have not been able, effort to that end notwithstanding, to acquire in order to make the conveyance conform with the contract; and the complainants' attorney, who prepared the contract, so admitted in testifying. Equity "will not decree the specific performance by a vendor of a contract for the sale of land where the vendor is not the owner of the land which he has agreed to convey." *Public Service Corp.* v. *Hackensack Meadows Co., 72 N. J. Eq. 285.*

The description contained in the contract of sale was the correct description in courses, distances and monuments when the description was compiled; concededly, it does not correctly describe the property now being sold; and the monument now on the ground is not the monument "called for" in the description.

After the complainants discovered that the available land on the north was ten feet short of that which the contract called for, complainants suggested to the defendant that ten feet would be conveyed to defendant upon the opposite or southerly side to make up for the difference. Then it was revealed that, with the addition of that ten feet on the south-

erly side, the conveyance would still not include all of the driveway for the use of the property under contract; whereupon the complainants offered to include all of lot 64. If, instead of lot 64, the vendors owned an acre or ten acres, should equity decree that the vendee be compelled to take title to the additional land irrespective of its size? The defendant should not be decreed to take title to property which he did not in writing agree to purchase. So, eventually, there was a tender of a deed and the court below decreed that the defendant take title for a part of lot 58 and all of lots 60, 62 and 64 in attempted fulfillment of a contract which, in its definite descriptive provisions, called for all of lots 58, 60 and 62, and none of lot 64.

The rule regarding courses, distances and fixed monuments, stated in *Scheinman* v. *Bloch, 97 N. J. Law 404,* does not apply where the monuments discovered on the premises are obviously not the monuments which were originally placed to mark the distances called for in the description.

The contract between the parties also contained the following provision:

"It is agreed between the parties hereto that in the event that examination of the title of said premises shall determine that such title to be conveyed is not as herein agreed to be conveyed, * * * that then and in either event this agreement shall terminate without any right of action by either of the parties hereto as against the other, and this agreement shall be thereupon considered as cancelled by mutual agreement and deposit refunded."

The contracting parties expressly agreed that if the title to said premises was not as agreed to be conveyed, then the agreement between the parties terminated and the agreement was to be canceled and the deposit money refunded. It is obvious that the complainants were unable to convey to the defendant the premises described in their contract "with reasonable certainty and definiteness" and, for this logical reason, the defendant refused to take title.

In *Sheehan* v. *Humphreys, 81 N. J. Eq. 416,* there is stated a familiar principle pertinent to the matter in controversy:

"This court is debarred from granting relief in specific performance cases where there is doubt concerning either the

facts or the law," and which opinion was unanimously affirmed by this court in *81 N. J. Eq. 513*.

Vice-Chancellor Backes, in *McClung Drug Co.* v. *City Realty and Investment Co., 91 N. J. Eq. 216,* said that:

"It is familiar law that equity will not specifically enforce a contract for the sale of lands unless it is conclusive and certain as to parties, the subject-matter, the prices and the terms." (With cases cited) and which opinion was also unanimously affirmed by this court in *92 N. J. Eq. 237*.

For the reasons stated, I vote to reverse the decree under appeal and remand the cause with direction to dismiss the bill of complaint.

Chief-Justice Case and Mr. Justice Colie, Judges Wells and McGeehan authorize me to state that they concur in the views expressed herein.